UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORRY WYSINGER,

       Plaintiff,

                                            CASE NO. 2:08-CV-14386
v.                                        JUDGE AVERN COHN
                                            MAGISTRATE JUDGE PAUL KOMIVES

JANET NIXON,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

I.      <u>RECOMMENDATION</u>: The Court should grant defendant's motion for summary judgment.

II.     <u>REPORT</u>:

A.     *Procedural Background*

Plaintiff Corry Wysinger is a former state prisoner, currently on parole. At the times relevant to this action, plaintiff was incarcerated at the Macomb Regional Correctional Facility (MRF) in New Haven, Michigan. On October 15, 2008, plaintiff commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendant Janet Nixon, a nurse at MRF and the sole defendant in this action, was deliberately indifferent to his medical needs in violation of the Eighth Amendment. Specifically, plaintiff's complaint alleges, in its entirety, that he "[w]as denied medical care on 2-3-08 that caused me to be placed in further pain, suffering, and threat of further injury (permanent)." Compl., at 3. Plaintiff sues defendant in her individual and official capacities, and seeks $5,000,000.00 in damages as a well as an order that he be taken to and seen by a personal private physician.

1

This matter is currently before the Court on defendant's motion for summary judgment filed on February 12, 2009. Defendant argues that the medical records establish that she was not deliberately indifferent to plaintiff's serious medical needs, and that she is therefore entitled to judgment as a matter of law. Plaintiff's 21-day period within which to respond to defendant's motion expired on March 5, 2009. Nevertheless, on February 27, 2007, I entered an Order granting plaintiff until March 27, 2009, to file a response. It appearing that plaintiff had been release on parole one day before my Order, and plaintiff having failed to provide the Court with notice of his new address, I had my law clerk contact an agent with the Benton Harbor Parole Office, who indicated that plaintiff might be found at his sister's address. On April 23, 2009, I entered a further Order extending until June 17, 2009, plaintiff's opportunity to respond and directed the Clerk to mail a copy of this Order to the home of plaintiff's sister. Neither Order extending plaintiff's time to respond has been returned to this Court as undeliverable, and as of the date of this Report plaintiff has neither filed a response to defendant's motion nor a notice of his current address. For the reasons that follow, the Court should grant defendant's motion for summary judgment.

B.   *Legal Standard*

Under Rule 56, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52

(citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e).

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving

party." *Sutherland*, 344 F.3d at 613.

C.     *Official Capacity Claims*

At the outset, to the extent plaintiff's claim is against defendant in her official capacity, defendant is immune from suit. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Although the amendment expressly prohibits only suits against states by citizens of other states, the Supreme Court has long held that the Eleventh Amendment also bars suits by citizens of the state being sued. *See Hans v. Louisiana*, 134 U.S. 1 (1890); *Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 472-73 (1987) (plurality opinion). Further, as the Supreme Court made clear in *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), the Eleventh Amendment bars suits against state officials sued in their official capacity. *See id.* at 71; *McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000). Accordingly, defendant is entitled to summary judgment with respect to plaintiff's claim against her in her official capacity.[1]

D.     *Injunctive Relief Request*

As explained below, defendant is entitled to summary judgment on the merits of plaintiff's deliberate indifference claim. Even were the Court to conclude otherwise, however, defendant is entitled to summary judgment to the extent that plaintiff seeks injunctive relief. As noted above, plaintiff is no longer incarcerated at MRF and under the care of defendant. Indeed, plaintiff is no

---

[1]Plaintiff's claims against defendants in their individual capacities are not barred by the Eleventh Amendment, even though those claims are based on "official" actions taken by defendants. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991).

longer incarcerated at all, and is free within the limits of his parole to see any private physician he desires. It is well established that "[a] prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility." *Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002); *see also*, *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007) (citing cases from Second, Third, and Eighth Circuits); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Because plaintiff is no longer subject to the care of the official he claims was denying him the ability to receive the treatment he sought, his request for injunctive relief is moot. *See Candelaria v. Coughlin*, 787 F. Supp. 368, 378 (S.D.N.Y.), *aff'd*, 979 F.2d 845 (2d Cir. 1992).[2]

E.     *Plaintiff's Medical Care Claims*

    1.     *Eighth Amendment Standard*

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. In its purest sense, the Eighth Amendment proscribes cruel and unusual punishment meted out in a penal or disciplinary sense. In its application by the courts, the amendment actually protects a wide assortment of interests. It proscribes disproportionate punishments, *Weems v. United States*, 217 U.S. 349, 366-67 (1910), "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion), and conduct repugnant to "evolving standards of decency," *Trop v. Dulles*, 356 U.S. 86 (1958) (plurality opinion). *See generally, Parrish v. Johnson*, 800 F.2d 600, 609 (6th Cir. 1986).

The Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S.

---

[2]Of course, plaintiff's transfer does not moot his entire case, because plaintiff's request for monetary damages presents a live controversy notwithstanding his transfer. *See Boag v. MacDougall*, 454 U.S. 364, 364 (1982) (per curiam).

337, 349 (1981). On the other hand, it does not permit inhumane ones, and it is clear that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also, Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The amendment imposes affirmative duties on prison officials,

> who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates."

*Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

If the offending conduct is not a criminal penalty, then it must reflect an "'unnecessary and wanton infliction of pain'" to come within Eighth Amendment's prohibition on cruel and unusual punishment. *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Such claims must satisfy both an objective and a subjective test. *Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). Under this analysis, what constitutes "unnecessary and wanton infliction of pain" will vary depending on the nature of the alleged constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). The plaintiff bears the burden of proving these elements by a preponderance of the evidence. *Brooks*, 39 F.3d at 127-28.

The objective prong asks whether the harm inflicted by the conduct is sufficiently serious to warrant Eighth Amendment protection. *McMillian*, 503 U.S. at 8-9; *Rhodes*, 452 U.S. at 349 (1981). To satisfy this prong, the conduct must deprive the plaintiff of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 349. The objective component is contextually driven and is responsive to "'contemporary standards of decency.'" *McMillian*, 503 U.S. at 8

(quoting *Estelle*, 429 U.S. at 103).

The subjective prong asks whether the officials acted with a sufficiently culpable state of mind; that is, was the conduct "wanton." *Wilson*, 501 U.S. at 302; *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993). In determining whether an official acted wantonly, the court applies a "deliberate indifference" standard. *Wilson*, 501 U.S. at 302-03; *see Estelle*, 429 U.S. at 104-06. Under this "deliberate indifference" standard,

> a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.

*Farmer*, 511 U.S. at 847. A prison official is not free to ignore obvious dangers to inmates, and may be liable even if he does not know the exact nature of the harm that may befall a particular inmate. *Id*. at 843-44. However, prison officials may escape liability if they show that they in fact did not know of the obvious risk to the inmate's health or safety, or knowing of it, they acted reasonably under the circumstances. *Id*. at 844-45. In short, "'[d]eliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice." *Wright v. Taylor*, 79 Fed. Appx. 829, 831 (6th Cir. 2003) (citing *Farmer*, 511 U.S. at 835-36; *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (en banc)).

Plaintiff's claim that defendant denied medically necessary treatment is governed by these objective and subjective tests, as explained by the Supreme Court in *Estelle*, *supra*. In *Estelle*, the Court held that "[r]egardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 105. Thus, a court faced with failure to treat claims has a two-fold inquiry: (1) does the plaintiff's complaint involve "serious illness or injury"?–*i.e*, the objective prong of the Eighth Amendment analysis; and (2) if so, were

7

the defendants deliberately indifferent to this serious illness or injury?–*i.e.*, the subjective prong of the Eighth Amendment analysis. *See generally*, *Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996).

2.   *Analysis*

Here, it is questionable whether plaintiff has sufficiently alleged that a serious medical need is implicated under the objective prong of the deliberate indifferent test.  Plaintiff alleges only that he was placed in unspecified pain, suffering, and threat of injury, and his complaint is neither signed nor verified.  In the grievances attached to his complaint, plaintiff alleged that defendant failed to treat a "life threatening problem" without specifying the nature of the problem.  Even assuming, however, that a serious medical need is implicated here, plaintiff cannot show deliberate indifference on the part of defendant sufficient to establish his Eighth Amendment claim.

In her affidavit, defendant avers that she examined plaintiff on February 2, 2008, upon his complaint that he was not feeling well.  Plaintiff's temperature was 99.0 degrees, and he was not in distress.  Defendant instructed plaintiff to rest and increase his fluids, and instructed the health care officer to call food service to provide extra fluids.  *See* Def.'s Br., Ex. A, Aff. of Janet Nixon, ¶ 4. The following day, defendant received a call regarding plaintiff from an officer in the housing unit. The symptoms described by the officer were not urgent or emergent in nature.  Defendant informed the officer that plaintiff had been seen the previous day, and that he should continue as instructed, contacting health care again if his symptoms worsened.  *See id*., ¶ 5.  Plaintiff was seen at the medication line on February 3, 2008, and was booked for a doctor's appointment on February 5, 2008. *See id*., ¶¶ 6-7.  The medical records attached to defendant's motion support these averments. *See* Def.'s Br., Ex. B, at 3.  The records establish that plaintiff was seen on February 5, 2008, by Dr.

Mehdi Almasi, and was prescribed the antibiotic Cipro for treatment of flu and bronchitis symptoms. *See id.* at 2. On February 20, 2008, plaintiff was given a complete blood count (CBC) and chest x-ray to rule out pneumonia. *See id.* at 5-8. The doctor's examination found no respiratory or cardiovascular problems. *See id.* at 7. Thus, the unrebutted record establishes that plaintiff was seen by defendant on February 2, 2008, complaining of cold or flu-like symptoms, and an examination revealed no serious condition. Defendant prescribed rest and fluid intake. On February 3, plaintiff reported similar symptoms, and defendant again instructed plaintiff to rest and increase his fluid intake. Plaintiff was seen by a doctor two days later, and was then prescribed an antibiotic, and was given follow up care. The record shows that defendant examined and treated plaintiff, and that plaintiff subsequently received care from a doctor. These facts are insufficient to raise a genuine issue of material fact with respect to whether defendant was deliberately indifferent to plaintiff's serious medical needs.

At most, plaintiff can show only that he and defendant differed over the proper course of treatment. However, these sorts of conflicts between a prisoner and his medical providers fail to state an Eighth Amendment claim of deliberate indifference to a serious medical need. *See Estelle*, 429 U.S. at 107; *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976). As the Supreme Court made clear in *Estelle*, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. "[A]n inadvertent failure to provide adequate medical care (such as medical malpractice) cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle*, 429 U.S. at 107. In

the medical context, therefore, mere negligence, or even gross negligence, is insufficient to establish an Eighth Amendment violation. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860-61 n.5 (6th Cir. 1976). Thus, allegations of "an inadvertent failure to provide medical care . . . [or of] negligen[ce] in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 105-06; *see also*, *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. Aug. 4, 1999) (en banc). Thus, even if plaintiff's claim against defendant may rise to the level of negligence or malpractice, it does not rise to the level required to establish deliberate indifference to a serious medical need. As such, the Court should grant defendant's motion for summary judgment.

F.      *Conclusion*

In view of the foregoing, the Court should grant defendant's motion for summary judgment with respect to plaintiff's Eighth Amendment claim against defendant. In the alternative, if the Court rejects this recommendation and concludes that summary judgment is not appropriate on the merits of plaintiff's claim, the Court should grant summary judgment to defendant with respect to (a) plaintiff's claim against defendant in her official capacity and (b) plaintiff's request for injunctive relief.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver

of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 8/11/09

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 11, 2009.

s/Eddrey Butts
Case Manager